UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP DEBLASIO,

                        Plaintiff,

                                                                         9:10-CV-1436
v.                                                                 (MAD/GHL)

C. ROSATI, SARAH WHETHERELL,

                        Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

PHILIP DEBLASIO, 09-A-6404
Plaintiff *pro se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN                         ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

       This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Philip DeBlasio alleges that Defendant C. Rosati subjected him to excessive force and that Defendant Rosati would not have had access to him if Defendant Sarah Whetherell had processed paperwork to release him from the Special Housing Unit ("SHU"). (Dkt. No. 1.)

Currently pending before the Court is Defendant Whetherell's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 10.) Plaintiff has not opposed the motion, despite having been granted an extension of time in which to do so. (Text Order May 12, 2011.) For the reasons that follow, I recommend that Defendant's motion be granted.

I.  BACKGROUND

Plaintiff alleges that on September 28, 2009, Defendant Correction Officer C. Rosati subjected him to excessive force in the SHU. (Dkt. No. 1 at 4, 7.) Plaintiff alleges that Defendant Rosati should not have had access to him because "they passed a new law prior to this incident . . . that means basically that a level I inmate/patient cannot spend more than 30 days at a time in SHU."[1] *Id*. at 8.  Plaintiff alleges that Defendant Sarah Whetherell, who served as Plaintiff's primary therapist, did not "put that paperwork in" to timely remove Plaintiff from the SHU because "she was mad at [Plaintiff] because of the way [he] disrespected her on 8-7-09." *Id*. Plaintiff states that "Sarah W[h]etherell responsible and a party to this entire ordeal. She didn't physically hurt me but she is just as guilty. And I will prove she conspired to encourage . . . C. Rosati to brutally hurt me." (Dkt. No. 1 at 9.) Plaintiff alleges that "Sarah W[h]etherell's mistreatment was considered cruel and unusual punishment by not getting me out of the SHU on time. She let me suffer by not doing her job [and] talking with me during those 68 days." *Id*. at 5. Plaintiff requests surgery on his face to remove the scars from Defendant Rosati's alleged use

---

[1]  The "new law" to which Plaintiff refers is the SHU Exclusion Law, known informally as the "Boot the SHU" law, which regulates disciplinary housing for mentally ill inmates. N.Y. Correct. Law § 137 (McKinney 2011). Although the legislation was enacted in 2008, the portion of the law to which Plaintiff refers did not go into effect until July 1, 2011. *Id.* at 6(d).

of excessive force and $1,000,000 in compensatory damages.  *Id*. at 6.

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.  In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief."  *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  Courts are "obligated to construe a *pro se* complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**III.   ANALYSIS**

Defendant Whetherell states that the only allegation against her in the complaint is that she "did not process paperwork necessary to end the [P]laintiff's SHU time." (Dkt. No. 10-1 at 2.) Defendant Whetherell does not address Plaintiff's allegation that she "conspired to encourage . . . C. Rosati to brutally hurt me." (Dkt. No. 1 at 9.)

The complaint fails to state a claim against Defendant Whetherell for failing to submit paperwork to release Plaintiff from the SHU. As noted in the footnote above, the SHU Exclusion Law did not go into effect until July 1, 2011. It thus did not require Defendant to see that Plaintiff was released from the SHU after thirty days. Moreover, as Defendant Whetherell correctly notes (Dkt. No. 10-1 at 2), the complaint fails to state a claim on this theory even if she had such an obligation because "more than mere 'but for' causation is required to impose Section 1983 liability . . ." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 162 (S.D.N.Y. 2009) (holding that even if the defendant "set in motion events that led to Plaintiff's imprisonment, without which [another actor] allegedly could not have assaulted Plaintiff, more than 'but for' causation is required to impose Section 1983 liability on the [defendant] for the [other actor's] misconduct.").

Broadly construed, the complaint appears to assert a conspiracy claim against Defendant Whetherell. Defendant has not addressed this claim. "To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done

4

in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted).  "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."  *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam)).  Plaintiff's vague allegation that Defendant Whetherell "conspired to encourage . . . C. Rosati to brutally hurt me" is insufficient to plausibly allege that Defendants entered into an agreement to act in concert to inflict an unconstitutional injury on Plaintiff.  Therefore, I recommend that the Court *sua sponte* dismiss Plaintiff's conspiracy claim against Defendant Whetherell.

Broadly construed, the complaint may allege that Defendant Whetherell retaliated against Plaintiff "because of the way [he] disrespected her on 8-7-09."  Defendant has not addressed this claim.  To prevail on a retaliation claim under 42 U.S.C. § 1983, a plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action--in other words, that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d. Cir. 2001)).  Plaintiff has not alleged that he engaged in any protected speech or conduct.  Rather, he alleges merely that he "disrespected" Defendant Whetherell.  It is not clear what form this "disrespect" took, but it is black-letter law that threatening and abusive language

5

"finds little protection under the [F]irst [A]mendment." *Jermosen v. Coughlin*, 878 F. Supp. 444, 450 (N.D.N.Y. 1995) (citing *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969)). Therefore, I recommend that the Court *sua sponte* dismiss Plaintiff's retaliation claim against Defendant Whetherell.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint. *See Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once). In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted). Here, Plaintiff has not filed an amended complaint and there is a possibility, however slim, that he could allege facts plausibly suggesting that Defendant Whetherell violated his constitutional rights. Therefore, I recommend that the Court grant Plaintiff leave to amend his complaint within thirty days of any order adopting this Report-Recommendation.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant Whetherell's motion to dismiss for failure to state a claim (Dkt. No. 10) be **GRANTED** with leave to amend within thirty days of any order adopting this Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: August 15, 2011
       Syracuse, New York

George H. Lowe
United States Magistrate Judge