UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP DEBLASIO,

                                 **Plaintiff,**

  vs.                                                           9:10-cv-1436
                                                                    (MAD/GHL)

C. ROSATI, Correctional Officer, Great Meadow
Correctional Facility; and SARAH
WHETHERELL, Social Worker I, Great Meadow
Correctional Facility,

                                 **Defendants.**
_____

APPEARANCES:                                  OF COUNSEL:

**PHILIP DEBLASIO**
**09-A-6404**
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**            **ADRIENNE J. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      On November 15, 2010, Plaintiff *pro se* commenced this civil rights action pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1.  In his complaint, Plaintiff alleges that Defendant Rosati subjected him to excessive force and that Defendant Rosati would not have had access to him if Defendant Whetherell had processed paperwork to release him from the Special Housing Unit ("SHU").  *See id.*

Specifically, Plaintiff claims that, on September 28, 2009, Defendant Rosati subjected him to excessive force while he was housed in the SHU. *See id.* at 4, 7. Plaintiff alleges that Defendant Rosati should not have had access to him because "they passed a new law prior to this incident . . . that means basically that a level I inmate/patient cannot spend more than 30 days at a time in SHU." *See id.* at 8.[1] Plaintiff alleges that Defendant Whetherell, who served as Plaintiff's primary therapist, did not "put that paperwork in" to remove Plaintiff from the SHU because "she was mad at [Plaintiff] because of the way [he] disrespected her on 8-7-09." *See id.* Plaintiff states that "Sarah W[h]etherell [is] responsible and a party to this entire ordeal. She didn't physically hurt me but she is just as guilty. And I will prove she conspired to encourage . . . C. Rosati to brutally hurt me." *See id.* at 9. Further, Plaintiff alleges that Defendant "W[h]etherell's mistreatment was considered cruel and unusual punishment by not getting me out of the SHU on time. She let me suffer by not doing her job & talking with me during those 68 days." *See id.* at 5. In his prayer for relief, Plaintiff seeks surgery on his face to remove scars from Defendant Rosati's alleged use of excessive force and $1,000,000 in compensatory damages. *See id.* at 6.

On February 2, 2011, Defendant Whetherell filed a motion to dismiss. In her motion, Defendant Whetherell argued that the only allegations in the complaint regarding her is that she failed to process paperwork necessary to end Plaintiff's time in the SHU and that she failed to talk to Plaintiff while he was housed in the SHU, which are insufficient to establish an Eighth Amendment violation. *See* Dkt. No. 10-1 at 2.

---

[1] The "new law" to which Plaintiff refers is the SHU Exclusion Law, which regulates disciplinary housing for mentally ill inmates. *See* N.Y. Corr. Law § 137 (McKinney 2011). Although the legislation was enacted in 2008, the portion of the law to which Plaintiff refers did not go into effect until July 1, 2011. *See id.*

In a Report-Recommendation dated August 15, 2011, Magistrate Judge Lowe recommended that the Court find that Defendant Whetherell had no obligation under the New York SHU Exclusion Law to ensure that Plaintiff was released from the SHU after thirty days because the law did not go into effect until July 1, 2011. *See* Dkt. No. 28 at 4. Further, Magistrate Judge Lowe found that the complaint fails to state a claim on this theory even if Defendant Whetherell had such an obligation under the SHU Exclusion law because "'more than mere "but for" causation is required to impose Section 1983 liability . . .'" *See id.* (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 162 (S.D.N.Y. 2009)). Finally, Magistrate Judge Lowe recommended that the Court *sua sponte* dismiss Plaintiff's retaliation claim against Defendant Whetherell because of the claim's conclusory nature and Plaintiff's failure to allege that he engaged in any protected speech or conduct. *See id.* at 5-6. Neither party objected to Magistrate Judge Lowe's August 15, 2011 Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See*

3

*Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

  Having reviewed Magistrate Judge Lowe's August 15, 2011 Report-Recommendation and the applicable law, the Court concludes that Magistrate Judge Lowe correctly recommended that the Court should grant Defendant Whetherell's motion to dismiss, but afford Plaintiff an opportunity to amend.  Further, Magistrate Judge Lowe correctly determined that, to the extent Plaintiff has attempted to allege that Defendant Whetherell retaliated against him because of the way he disrespected her, he has failed to state a plausible cause of action.

  Accordingly, the Court hereby

  **ORDERS** that Magistrate Judge Lowe's August 15, 2011 Report-Recommendation is **ACCEPTED** in its entirety for the reasons stated therein; and the Court further

  **ORDERS** that Defendant Whetherell's motion to dismiss is **GRANTED**; and the Court further

  **ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall terminate Defendant Whetherell from this action, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 15, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge